ELIZABETH STETLER v. THE MAYOR AND COUNCIL OF THE BOROUGH OF EAST RUTHERFORD.

Argued June 12, 1900—Decided November 12, 1900.

Flagging of sidewalk laid by the borough in 1896, in the presence and with the knowledge of the landowner, the assessment therefor made in February, 1897, and writ of *certiorari* issued in September, 1899—*Held*, that prosecutrix cannot after such lapse of time take advantage of the want of regularity in the proceedings of the borough, and the writ is dismissed for laches in suing it out.

---

On *certiorari* to review assessment.

Before Justice VAN SYCKEL.

For the prosecutor, *Addison Ely.*

For the defendant, *Shafer & Conkling.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This *certiorari* is prosecuted to review an  assessment made against George F. Stetler for flagging the sidewalk on Main street in front of lots now claimed to be owned by his wife, who is the sole prosecutrix.

The proceedings certified were taken in pursuance of sections 33, 35 and 36 of the Borough act.   *Gen. Stat., p.* 185.

Section 35 authorizes the mayor and council to provide by ordinance (either general or special) for constructing, relaying, repaving and keeping in repair the sidewalks on any and all streets within the borough at the cost and expense of the owner or owners of the land in front of which the same may be constructed, provided that all such ordinances shall provide for allowing such owner or owners at least thirty days within which to perform the work required thereby and that written notice of the required work be served upon the owner.

In case the owner fails to do the work within the time specified in the notice, sections 33 and 36 authorize the mayor and council to do it, and to assess the cost and expense upon the lands in front of which the flagging is laid.

On the 20th of August, 1894, a general ordinance, passed in accordance with this legislation, went into effect, directing that all sidewalks should be flagged, specifying the manner in which it should be done and providing for thirty-five days' notice to the landowner to do it before it could be laid at his cost and expense by the mayor and council.

George F. Stetler, on his examination in chief, denies that he received the notice dated September 28th, 1896, to lay the sidewalk within thirty-five days, but on cross-examination he says he received a thirty-five-days' notice.

Glen, who served the notices for the borough, testifies that he did serve the notice of September 28th, 1896, on George F. Stetler, and I accept his statement.

Stetler testifies that he transacted all his wife's business in relation to this property; that he collected the rents, paid the taxes and managed it generally as if it were his own. This was not controverted by the prosecutrix, who was sworn and examined as a witness in the case; on the contrary, she

says her husband looked after this property for her with her consent.

Both husband and wife admit that they knew the work was being done by the borough.

The work was done in 1896, the assessment was laid in February, 1897, and no step was taken to arrest the action of the borough until this writ was sued out by the prosecutrix on the 12th of September, 1899.

She has had the benefit of the work done upon her lands, and she cannot be permitted now to take advantage of the want of regularity in the proceedings, and cast the cost and expense of the work upon the taxpayers of the borough. *Wilkinson* v. *Trenton,* 7 *Vroom* 499; *State* v. *Hoboken, Id.* 291; *State* v. *Hudson City,* 5 *Dutcher* 115; *State* v. *Woodruff,* 7 *Vroom* 204; *Meday* v. *Rutherford,* 23 *Id.* 499.

There are irregularities and defects in the mode of procedure in making the assessment, but the borough had legislative authority to make such assessments and the prosecutrix has the benefit of this assessment. Under such circumstances it was held in a very recent case that the assessment should stand. *Lord* v. *Bayonne, ante p.* 127.

The writ of *certiorari* should be dismissed, with costs, on account of laches in the prosecutrix in suing it out.

If it had appeared that the assessment was excessive, an application to have a re-assessment made under the direction of the court, by virtue of the act of 1881 (*p.* 194), might have been considered.